(No. 74-CV-26—

THOMAS VANDERBILT, on behalf of SHERYL VANDERBILT, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 17, 1974.*
*Amended opinion filed January 27, 1975.*

THOMAS VANDERBILT, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arose out of a criminal homicide on November 15, 1973, at 5425 South Woodlawn Avenue, Chi-

cago, Illinois. Thomas Vanderbilt, the father of the victim, Sheryl Vanderbilt, seeks compensation pursuant to the "Crime Victims Compensation Act" (hereafter referred to as the "Act") *Ill. Rev. Stat.,* 1973, Ch. 70, Sec. 71 et. seq.

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney General of the State of Illinois, which substantiates the matter set forth in the application. Based upon the documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant is the father of a victim of a violent crime covered under *Ill. Rev. Stat.,* 1973, Ch. 70, Sec. 72 to wit:

"Murder, *Ill. Rev. Stat.,* 1973, Ch. 38, Sec. 9-1

2. That said crime occurred at 5:00 p.m., on November 15, 1973, at 5425 South Woodlawn, Chicago, Illinois, at which time the victim was stabbed to death.

3. That the crime was reported to the Chicago Police Department, and the claimant has cooperated fully with law enforcement officials. That the assailant was identified as, Clifton West, age 15, of 5314 South Kimbark. That Clifton West was charged with the murder of Sheryl Vanderbilt, and is being held by juvenile authorities for prosecution.

4. There is no evidence that the victim was a relative or member of the same household of the assailant.

5. That the death of the victim was not attributable either to her wrongful act or substantial provocation on her part.

6. That claimant suffered damages in excess of $200 compensable by Sec. 74 of the Act to wit:

FUNERAL EXPENSES.......................... $1,514.49

7. That no insurance claim or death benefits were paid as a result of the victims death.

8. That $200 shall be deducted pursuant to Sec. 7 (d) of the Act. $1,514.49 less $200 deductible equals: $1,314.49.

9. That the proof submitted in support of this claim satisfies all of the requirements of this Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the sum of $1,314.49 (ONE THOUSAND THREE HUNDRED FOURTEEN DOLLARS AND FOURTY NINE CENTS) be awarded Thomas Vanderbilt as the father of an innocent victim of a violent crime.

## AMENDED OPINION
### and
## SUPPLEMENTARY ORDER

This court has previously filed its opinion in the above matter awarding compensation to the claimant in the total sum of—$1,314.47. However, payment of the said award has been delayed due to an omission in the law concerning certain payment procedures which the General Assembly will remedy as expeditiously as possible.

To expedite a payment of part of the compensation to which the above named claimant is entitled, the court on its own motion orders herewith an immediate partial payment up to the limit which this court is legally authorized to order paid in such claims from the Court of Claims Fund.

Accordingly, the court hereby supplements and amends the opinion and order previously filed in this claim by adding the following further order:

IT IS FURTHER ORDERED that the sum of $999.99 (Nine Hundred Ninety-nine Dollars and ninety-nine cents) be paid to the claimant immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $314.50 be referred forthwith to the General Assembly for its approval.